```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-160-KDB-DSC
```

| | |
|---|---|
| JAMES H. OAKES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GLOBAL TEL LINK CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint. [Doc. 1]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 8].

**I.    BACKGROUND**

The *pro se* Plaintiff, who is presently incarcerated in the North Carolina Department of Public Safety at the Alexander Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He names as the Defendant in the case caption: "Global Tel*Link Corporation – Westlaw Thomson Reuters Correctional Law Library."[1] [Id. at 1]. He claims that the Defendant has published his criminal charge (which he acknowledges is public information) on Thomson-Reuters Westlaw Correctional Law Library, which has exposed him to danger from gang members. [Id. at 2, 7]. He claims that four high-ranking Bloods gang members learned the nature of his criminal offense by accessing the Law Library and, as a result, he has been extorted for "rent;" he has requested protective custody three times; and he fears that he may be raped or stabbed to death. [Id. at 3, 7]. As relief, he seeks $2.7 million in damages or injunctive relief, *i.e.*,

---

[1] He also lists Global Tel*Link Corporation's "Management" as three separate Defendants in the "Parties" section of the Complaint. [Doc. 1 at 1-2].

a Court Order to transfer him out of the state. [Id. at 5]. He admits that he has not exhausted his administrative remedies with regards to this issue. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). In order to satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship

2

with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). For instance, a private entity's conduct is considered to be state action when the state has "coerced, or has provided 'significant encouragement' to, a private actor, or there is 'pervasive entwinement of public institutions and public officials' with a private entity…." Peltier v. Charter Day School, Inc., 37 F.4th 104, 115 (4th Cir. 2022) (en banc), *cert. pet. docketed* Sept. 14, 2022.

Here, the Plaintiff has named a private corporation as the Defendant in this § 1983 action. He has failed to allege any theory under which the Defendant could be considered a state actor. Nor has he alleged how the Defendant's publication of admittedly public information violated any right secured by the Constitution or laws of the United States. Moreover, even if the Plaintiff had named a Defendant against whom this action could proceed, it appears on the face of the Complaint that he has failed to exhaust his administrative remedies. See generally Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017) (noting that, in rare cases, a complaint may be dismissed for lack of exhaustion where such is be apparent from the face of the complaint); Porter v. Nussle, 534 U.S. 516 (2002) (the exhaustion of administrative remedies must occur before a civil action is commenced). Accordingly, the Complaint will be dismissed without prejudice as frivolous and for failure to state a claim upon which relief can be granted.

**IV.    CONCLUSION**

In sum, the Complaint is dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to file a superseding Amended Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. Piecemeal amendment will not be allowed. Should

the Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as frivolous and for failure to state a claim upon which relief can be granted.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file a superseding Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: December 5, 2022

Kenneth D. Bell
United States District Judge