UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-160-KDB-DSC

| | |
|---|---|
| JAMES H. OAKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GLOBAL TEL LINK CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Letter [Doc. 10], "Motion for Attention of Evidence" [Doc. 11], "Motion for Federal Court Order to be Approved for Protective Custody…" [Doc. 12], and "Motion for a Video Certificate Voluntary Settlement Conference…" [Doc. 13].

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, asserting a claim that the Defendant, "Global Tel*Link Corporation – Westlaw Thomas Reuters Correctional Law Library," has exposed him to danger from other inmates by publishing his criminal charges. [Doc. 1]. He seeks damages or injunctive relief, *i.e.*, a Court Order to transfer him out of the state. [Id. at 5]. On December 5, 2022, the Court dismissed the Complaint on initial review as frivolous and for failure to state a claim and granted him 30 days within which to file a superseding Amended Complaint. [Doc. 9]. He was cautioned that, "[s]hould the Plaintiff fail to timely file an Amended Compliant in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff." [Id. at 3-4]. The Plaintiff has now filed a Letter and Motions, which will be addressed in turn.

The Letter, which is addressed to the undersigned, seeks assistance in settling the case and

1

having his appeal removed from the Law Library. [Doc. 10]. The Plaintiff was notified at this case's inception that he should not send documents directly to a Judge, that letters will not be answered, and that "[o]nly Motions will be ruled on by the Court." [Doc. 3 at ¶¶ 4-5]. The present Letter is, therefore, improper and will be stricken.

The present "Motion for Attention" seeks to add as Defendants: a law firm; the North Carolina Industrial Commission (NCIC); the "North Carolina Department of Corrections – Division of Community Corrections;"[1] Roy Cooper, the Governor of North Carolina; Amar Majmundar, a special deputy attorney general; Tina Lloyd, an assistant attorney general; (former) Chief Justice Martin of the North Carolina Supreme Court; and Sherri B. Blaylock, who appears to be a private citizen. [Doc. 11]. The Motion for Attention thus appears to be a piecemeal attempt to amend the Complaint, contrary to the Court's December 5 Order. [See Doc. 9 at 3-4].

In sum, Plaintiff has failed to file a superseding Amended Complaint and the time to do so has expired. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

Also, even if the "Motion for Attention" were properly before the Court, it would fail initial review due to numerous serious deficiencies. For instance, the Plaintiff purports to assert claims against NCIC and the NCDAC, which are arms of the State. However, neither the State of North

---

[1] This appears to refer to the North Carolina Department of Adult Correction (NCDAC).

Carolina nor its agencies constitute "persons" subject to suit under Section 1983, and money damages against them are barred by the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); see Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). The Plaintiff's claims against former Chief Justice Martin and prosecutors Majmundar and Lloyd are barred by absolute judicial immunity, Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), and prosecutorial immunity, Imbler v. Pachtman, 424 U.S. 409, 418 (1976). Sherri B. Blaylock appears to be a private citizen, rather than a state actor against whom a § 1983 claim may be asserted. See generally Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). The Plaintiff's claims against Governor Cooper, appear to rely on *respondeat superior*, which does not apply in § 1983 actions. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (a plaintiff must show that the defendants "acted personally" to cause the alleged violation) (citation omitted). Moreover, the Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). As such, the "Motion for Attention" would be dismissed as frivolous and for failure to state a claim upon which relief can be granted even if it were construed as an Amended Complaint.

In the "Motion for Federal Court Order to be Approved for Protective Custody…" and "Motion for a Video Certificate Voluntary Settlement Conference…," the Plaintiff asks the Court

3

Case 5:22-cv-00160-KDB-DSC   Document 14   Filed 01/17/23   Page 3 of 5

to transfer him to the Eastern Correctional Institution because he fears for his safety at the Alexander CI [Doc. 12] and to remove references to his criminal charges from prison tablets [Doc. 13]. Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20. The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Therefore, his requests for preliminary injunctive relief are denied.

Finally, in his "Motion for a Video Certificate Voluntary Settlement Conference…," the Plaintiff seeks to settle the case for $880,000. [Doc. 13]. This request has been misdirected to the Court because any effort to schedule settlement discussions should be made directly among the parties and, in any event, it is moot because the case has not passed initial review.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's December 5, 2022 Order;

2. The Plaintiff's Letter [Doc. 10] is **STRICKEN**; and

3. The Plaintiff's "Motion for Attention of Evidence" [Doc. 11], "Motion for Federal Court Order to be Approved for Protective Custody…" [Doc. 12], and "Motion for a Video

4

Certificate Voluntary Settlement Conference…" [Doc. 13] are **DENIED**.

**IT IS SO ORDERED**.

Signed: January 17, 2023

Kenneth D. Bell
United States District Judge